IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

SAMUEL SHELTON,

        CIVIL ACTION NO. 3:24-cv-00423

**Plaintiff,**

v.

**ACCESS AND MOBILITY ENTERPRISES INC. d/b/a 101 MOBILITY OF WV,**
    **Defendant.**

## COMPLAINT

This is an action under federal and West Virginia law to make whole and compensate the Plaintiff, Samuel Shelton, for the unlawful actions and employment practices of the Defendant, Access and Mobility Enterprises, Inc. Plaintiff contends the Defendant unlawfully terminated him in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq*. ("USERRA") and in violation of the West Virginia Human Rights Act ("WVHRA") (W. Va. Code §5-11-9 *et seq*.). Plaintiff seeks all available relief under USERRA and the WVHRA.

## PARTIES

1. Plaintiff, Samuel Shelton, is a citizen and resident of West Virginia, and a disabled army veteran.

2. Defendant, Access and Mobility Enterprises, Inc., is a West Virginia corporation with its principal office in Huntington, West Virginia. Defendant is engaged in the business of providing ambulatory health care services and does business in Cabell County, West Virginia as 101 Mobility of WV.

3. At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or

assignment.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331 (federal question jurisdiction).

5. Venue is appropriate in this case under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Cabell County, West Virginia which is in the Southern District of West Virginia.

## ALLEGATIONS OF FACT

6. In early 2023, Defendant hired Mr. Shelton as an installer of ramps.

7. At all times alleged, Defendant knew Mr. Shelton was a military veteran who had suffered disability-connected injuries during his service.

8. At all times during his employment, Mr. Shelton met or exceeded the requirements of his essential job duties or the Defendant's legitimate expectations of the same.

9. At no time during his employment did the Defendant issue Mr. Shelton any negative assessments, criticisms, or views about his work, or any less than satisfactory reviews of his performance.

10. The Defendant did not, in fact, have an Human Resources department at any time during Mr. Shelton's employment.

11. Last week, Mr. Shelton notified the Defendant that he had aggravated his back injury, and requested a part-time shift to accommodate his disability.

12. The same day that Mr. Shelton requested an accommodation for his disability, the Defendant fired him because it claimed it lacked work for him to perform.

13. In truth, the Defendant had abundant work available for Mr. Shelton, and it fired only Mr. Shelton because of its discrimination against him based on any or all of his protected statuses as asserted here.

14. Mr. Shelton is ready, willing, and able to perform work, but has been unable to find suitable gainful employment since his termination.

15. When the Defendant terminated Mr. Shelton, it retained less-qualified, similarly-situated employees.

16. As a result of the Defendant's termination of him, Mr. Shelton has suffered damages and seeks relief as requested below

## COUNT I: USERRA CLAIM

17. Plaintiff incorporates the previous paragraphs as if set forth here.

18. USERRA provides that "an employer may not discriminate in employment or take any adverse employment action against any person because such person. . . has exercised a right provided in this chapter." 38 U.S.C. § 4311(b). Section 4311(a) provides that a person who has performed service in a uniformed service (such as a veteran) shall not be denied retention in employment or any benefit by an employer on the basis of that membership, performance of service, application for service, or obligation.

19. At all times mentioned, Defendant knew Mr. Shelton was an army veteran who had sustained physical and mental injuries during his service.

20. On July 9, 2024, the Defendant violated Mr. Shelton's USERRA protections and rights by terminating his employment based on his veteran status and previous service with the United States Armed Forces.

21. The Defendant's violation of USERRA was willful and in reckless disregard of Plaintiff's rights under the statute, and Plaintiff seeks all relief available under the USSERRA.

## COUNT II: DISABILITY DISCRIMINATION

22. Plaintiff incorporates the previous paragraphs as if set forth here.

23. Plaintiff is a qualified person with a disability under the West Virginia Human Rights Act (W. Va. Code §5-11-9, *et seq*.).

24. At all times during his employment, Plaintiff had a serious back disability that substantially limited certain major life activities including, but not limited to walking, standing, sitting, and the residual effects of the same on his ability to concentrate and focus on tasks.

25. In the alternative, Defendant and its agents regarded Plaintiff as having an impairment that substantially limited one or more of his major life activities.

26. At all times alleged, the Plaintiff is and was qualified for the job he held with the Defendant because Plaintiff satisfied the skill, experience, and other job-related requirements for the position he held, and he was and is able to perform the essential functions of his job, with or without reasonable accommodation.

27. Defendant took adverse action against Plaintiff when (1) it refused to engage in a meaningful, interactive communication process designed to determine a reasonable accommodation for him; and (2) it terminated him.

28. Plaintiff's status as a person with a disability is and was a motivating factor in Defendant's decision to take the above-referenced adverse actions against him.

29. The West Virginia Human Rights Act does not mandate that an employee's request for an accommodation be in writing; rather, as the U.S. Equal Employment Opportunity Commission explains, under the ADA, the disability accommodation process

is informal, and accommodations may result from the course of verbal communication and acts between the employer and the employee. See, e.g., EEO Enforcement Guidance, https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada (Question 3) (Last accessed August 15, 2024).

30. Any reason alleged by Defendant for its above-referenced, adverse action against Plaintiff, is pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on his status as a person with a disability and/or his having required treatment for his disability or her having required a reasonable accommodation for his disability.

31. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury including, but not limited to, past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, embarrassment, and damage to his reputation, as well as other past and future pecuniary losses.

32. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended to solely harm him and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests punitive damages and the relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

On Count I, grant Plaintiff back wages, liquidated damages, front pay, profit sharing, the costs of litigation, including court costs, expert witness fees, reasonable attorney fees, and all other relief available under the USERRA;

On Count II grant Plaintiff actual damages for lost wages, front pay, back pay,

5

fringe benefits and other actual damages according to the evidence and as determined by a jury;

On Count II grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

On Count II grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, SAMUEL SHELTON

By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar No. 6479)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304 522-4149
hoyt@gsalaw-wv.com